CHARLES L. STEWART *v.* FERDINAND H. BOCK and others.

In an action to recover the price of goods sold and delivered, the defendant may show that the goods sold were, by the contract, to be delivered in good shipping order, and, upon a breach of that contract on the part of the plaintiff, may recoup damages therefor.

APPEAL by defendants from a judgment of the Marine Court. The facts sufficiently appear in the opinion of the court.

*Allan Melville*, for the appellants.

Submitted without argument by the respondent.

INGRAHAM, FIRST JUDGE.—The plaintiff sued the defendants to recover for a balance due for goods sold. Upon the trial of the cause, the defendants offered to prove that the goods sold were to be delivered in good shipping order, that they were not so delivered, that they were of less value on account of such bad condition, and that the defendants did not discover the unfit condition until it was too late to return them.

The justice rejected the evidence, upon the ground that it was no defence in an action for the price.

It is too late now to deny the right of the purchaser of goods to recoup damages when sued for the price of the goods, if they are not according to the contract. This was settled so long ago as *McAllister* v. *Reab* (4 Wend. 483; 8 Wend. 109; 22 Wend. 155; 3 Hill, 171; 5 Hill, 63). This was the law before the

Code, and the provisions of that statute have extended the right of the defendant, by way of counter-claim, to any cause of action arising out of the contract or transaction set forth in the complaint as the cause of action, or connected with the subject of the action—as well as to any other cause of action arising on contract. § 150.

It is not necessary to decide how far the provisions, as to a counter-claim, apply to justices' courts, because the right to recoup damages to the extent of the plaintiff's claim existed before the Code, and is not repealed; and although it may be that these courts have not the power to give the defendant a judgment for a balance on such claims, still, he may show that by reason of such damages the plaintiff should recover nothing from him.

The court below erred in excluding the evidence, and the judgment must be reversed.

Judgment reversed.